In the Matter of the Application of ITALIAN DISCOUNT AND TRUST COMPANY, Respondent, for an Order Directing the Payment of Certain Moneys by the City of New York and the Comptroller of the City of New York, under an Assignment from the HANRATTY CONTRACTING CORPORATION.

E. BRIGHT WILSON, Trustee in Bankruptcy of the HANRATTY CONTRACTING CORPORATION, Appellant, Impleaded with the CITY OF NEW YORK.

First Department, October 30, 1925.

**Jurisdiction — special proceeding — application to compel city of New York to pay to petitioner moneys due contractor which were assigned to petitioner to secure advances — contractor is in bankruptcy — trustee in bankruptcy appeared — court has no jurisdiction — action should have been commenced and trustee in bankruptcy interpleaded.**

The court does not have jurisdiction of a special proceeding instituted by a creditor of a bankrupt to compel the city of New York to pay moneys due from the city on a contract with the bankrupt, which moneys had been assigned to the petitioner to secure advances made by it; the rights of the parties cannot be thus summarily determined in a special proceeding.

The petitioner should have commenced an action and interpleaded the trustee in bankruptcy.

APPEAL by E. Bright Wilson, as trustee in bankruptcy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York

on the 26th day of June, 1925, directing the payment by the city of New York to the Italian Discount and Trust Company of the sum of $10,979.36 under an assignment to said company from the Hanratty Contracting Corporation.

*Zalkin & Cohen* [*Israel Akselrod* of counsel], for the appellant.

*Alley & Geer* [*Enos Throop Geer* of counsel], for the respondent.

*George P. Nicholson, Corporation Counsel* [*Elliot S. Benedict* of counsel; *John F. O'Brien* with him on the brief], for the City of New York.

DOWLING, J.:

This is apparently a special proceeding, commenced by an order to show cause, upon the petition of the Italian Discount and Trust Company, directed to the comptroller of the city of New York and E. Bright Wilson, as temporary receiver of the Hanratty Contracting Corporation, why an order should not be made directing said comptroller to pay to said trust company the sum of $10,979.36, and further "why the rights of the parties above mentioned should not be determined and adjudicated."

The petition sets forth the following facts:

The Hanratty Contracting Corporation, hereinafter referred to as the contractor, had a contract with the city of New York for the laying of certain water mains. On or about the 12th day of November, 1924, the secretary of the contractor executed an assignment to the Italian Discount and Trust Company, hereinafter referred to as the "trust company," of any and all moneys due or to become due under said contract. That assignment was not filed in the office of the comptroller of the city of New York until the 4th day of May, 1925. Between the time of the making of the assignment and the filing of same with the office of the comptroller, to wit, on the 2d day of May, 1925, E. Bright Wilson was appointed temporary receiver in bankruptcy of the said contractor. At the time of the assignment the work on the contracts was not completed, and as a matter of fact was not actually completed until long after the giving of the assignment.

The trust company claimed to have advanced on the said assignment the sum of $39,839.24, the first advance of $30,000 being made on November 12, 1924. The balance due the said trust company at the time of the making of this application was $32,117.82. The petition further alleged that certain liens were filed with the comptroller of the city of New York which were discharged of record and bonded by the trust company.

Upon the return day of this motion the receiver of the con-

tractor, who was by that time elected trustee in bankruptcy, appeared and filed affidavits attacking the said assignment as improper and invalid upon four grounds which may be summarized as follows:

(1) That the assignment was invalid in that it was not filed in compliance with section 16 of the Lien Law of the State of New York;*

(2) That the assignment was executed without authority of the board of directors of the Hanratty Contracting Corporation and was, therefore, null and void;

(3) That the said assignment was made without a present consideration, while the corporation was insolvent to the knowledge of its officers, and with the intent to prefer the trust company over the other creditors of the bankrupt;

(4) That the assignment was null and void in that it purported to assign a chose in action which had no actual existence, and, therefore, the assignment could not operate to pass title thereto at the time of assignment, nor was the property assigned reduced to possession prior to the filing of the petition in bankruptcy against the bankrupt.

Affidavits were submitted on behalf of the trust company denying that the payment of the money in question to it would give it a preference, and also setting forth the details of the alleged loan of $30,000 to the contractor, which had requested a loan of $40,000.

It is unnecessary to discuss the merits of the proceeding, in view of the conclusion which we have reached as to the lack of authority therefor. There is absolutely no warrant of law for such a proceeding as the present one. It is a short cut to reach a result, which may be just in this particular case, but to sanction which would be to encourage a procedure without authority, precedents or rules to guide it. It would be a particularly dangerous mode of dealing with conflicting claims to funds in the city's possession, or due by it, where as between rival claimants an action of interpleader is the appropriate remedy. There never was any action commenced by the respondent to assert its rights. The present mode of proceeding is not an action, for no summons was served. It is not claimed to be an action. But it is apparently based upon a theory that a special proceeding may be invoked in case of any dispute between parties, in order to have their rights summarily determined. The respondent is unable to refer us to any statute, rule of practice or decision justifying the procedure taken in this case. The fact that another order of a similar nature has not been appealed from

---

* See Lien Law, § 16, added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507, and Laws of 1925, chap. 624.— [REP.

has no bearing on the question. Evidently, as the learned counsel for respondent says in his brief: " In beginning the proceeding, it was supposed that the matter would be a simple one, the Trustee being made a party simply to cut off any rights of the Hanratty Corporation. *The essential facts are clear and not disputed.* A reference would be extremely expensive and dilatory and would serve no useful purpose. The delay would saddle upon the Bank further damages by way of loss of interest on its money."

But the lack of jurisdiction of the subject-matter by way of special proceeding is now presented by the appellant, and must be decided. As we can find no authority for the method of obtaining the payment of the funds in question by special proceeding, the order appealed from should be reversed, with ten dollars costs and disbursements to the trustee as against the trust company, and the motion denied, with ten dollars costs.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements to appellant against the petitioner, respondent, and motion denied, with ten dollars costs.